The Fourth District Appellate Court of the State of Illinois has reconvened. The Honorable Eugene G. Doherty presiding. Good morning. The court is calling case number 424-0212, People of the State of Illinois v. John Gillin. I'd like counsel who are before the court to state your appearances for the record, beginning with counsel for the appellant. Good morning, Your Honors. Anthony J. Santella for the appellant. John Gillin. Good morning, Your Honors. Corinne Navarro for the appellee of the State of Illinois. All right. Good morning to both of you. Mr. Santella, you may proceed with your argument. Thank you, Your Honors, and may it please the court. As a brief roadmap, I will address the jury instruction issue first before going to reasonable doubt and finally sentencing. To start, aggravated criminal sexual abuse was a lesser-included offense for all eight counts of criminal sexual assault at issue in this case. For the first part of the applicable test, the facts alleged in each count of Gillin's indictments contained the broad foundation or main outline of the lesser abuse offense. The reason is that in a broad way, each indictment alleged an act of sexual penetration, involving the body parts of Gillin and the complaining witness. The broad factual outline is sufficient to find that the element of sexual penetration also provided notice to Gillin that he could be convicted of the lesser offense of aggravated criminal sexual abuse, and the remaining elements are all present or can be reasonably inferred in the indictments. Accordingly, the first part of the test is satisfied for the lesser-included jury instruction test. For the second part of that test, the trial court abused its discretion by substituting its own credibility determination on the evidence for that of the jury's. The trial court looked at the testimony of the complaining witness and interpreted it to mean that only penetration could have occurred for each one of these allegations. There are two sources, however, of evidence that show that there was evidence from which the jury could rationally acquit Gillin of the greater offense and convict him solely on the lesser for each of these offenses. These include the conflicting testimony of the complaining witness. It also includes the credibility of the complaining witness, which is something that the fact finder can rely on in a lesser-included offense, or excuse me, in a determination as to whether they can rationally acquit a defendant of a greater offense and convict solely of the lesser. As outlined in the opening brief, Mr. Santella, she testified only to penetration, correct? She testified to penetration, but she also testified in response to the state's questions as to, did any other part of Gillin touch you? Did his hand go to you? Even though these are small words, they carry a lot of weight in the lesser-included offense analysis, and it's conflicting testimony in that regard, where it's, is there penetration or is there touching? The fact finder is in the best position to determine whether that evidence would establish the greater or lesser offense, because the fact finder here is the only person that would have seen how the complaining witness responded, you know, her tenor, her demeanor, her forthrightness. When you look at the testimony just from the cold record, you're seeing the testimony of a witness who says, I don't remember, I don't know, to a lot of responses to these questions, who has to really be guided to the specific incidents, to the specific conduct. We can go off the record, but the fact finder can go off the conflicting testimony and determine to what extent the state proved an offense, if any, and if that's the greater offense or if that's the lesser offense, that's a determination for the fact finder. I also believe there's evidence for the lesser to the exclusion of the major offense for each count. I do. In the opening brief, we divided it up and said that at minimum, there's for each count of oral conduct, digital conduct, and penis to anus conduct, and said that at minimum, those counts, separating out counts two, five, and nine, which allege penis-vagina contact. Of course, I'll get to count two in the reasonable doubt argument. However, we assert that each count, including the penis-vagina count, have evidence that supports that the jury could rationally acquit on the greater offense and convict on the lesser. To that regard, I think credibility also can be taken into account as a source of evidence for how the jury would determine the credibility of the witness, or excuse me, determine the complaining witness's testimony and weigh that testimony. Per the Illinois Supreme Court case Garcia, which is cited in the brief, the evidentiary requirements to satisfy the lesser-included offense test can be inferences that are drawn from the evidence. You could look at inferences, you could look at credibility of a witness in the People v. Colton case, which is procedurally different, but I think is important to point out because it involved a bench trial. And that was a case where the trial judge convicted on the lesser count only. The trial judge in Colton said, well, I found the complaining witness credible, but there wasn't enough corroborating evidence, even though there was testimony of penetration. So there are examples here. There's precedent in case law to say you can look at credibility. You can look at, well, is there something that's corroborated? And the complaining witness's credibility here was an issue. It was fronted by the state. There was testimony here that she recanted her allegations at one point, that she had threatened both Gillen and her mother, that she had lied about major things. And that's something that the jury saw and heard, and heard from multiple witnesses. And the jury from the record is paying attention to this testimony as seen by its acquittal of Gillen on count eight, which alleged mouth to vagina contact, and for which the only evidence was the complaining witness's testimony. So the point here is that this squarely fits within the policy consideration and the reason why we have lesser included offense instructions, which is... But does your argument prove too much? Because isn't it basically resting on the principle that, well, the jury could always find that the witness's testimony of penetration wasn't credible, but find that there was something short of penetration. It sounds like this would just apply in every case. I disagree with that, Your Honor. I don't believe that that's what our argument says. And when you are reaching the second part of the test for lesser included offense instructions, that is on a case-by-case basis. That does go to the evidence that's adduced to trial. And the case law does says if there is no evidence to support giving the lesser included offense instruction, then that instruction isn't given. And even if this case were to be considered a close case, or it requires a lot of parsing, that does not mean that that parsing shouldn't be undertaken. And it doesn't mean that... If credibility is enough, then that's always enough. I don't believe that that's the case, Your Honor, because I think that there's a lot of specific credibility instances in this case that aren't going to apply in every case. And that's because the credibility of the complaining witness here... As I said, it was at issue, but it's not just at issue in the way that it is in many other cases. Here you have a lot of very specific testimony and evidence as to this specific complaining witness, including... And then she admitted to this in her testimony that when she would yell at her mother and at report them for an assault. And these are things that the jury is hearing in the context of this specific case. So I disagree that it's proving too much. I think it goes to, well, what evidence is in front of the jury? What witnesses are we talking about? And in this case where you have especially a complaining witness who, as I said, it's not a controversial proposition in this case that this witness had a credibility issue, that was something fronted by the state. And it was clearly something that was discussed a lot throughout the record. That's not going to happen in every one of these cases. There are cases where the witness is found credible, where there's corroborative evidence. Here you don't have a surplus of DNA evidence. You have allegations that were made and then the charges were filed a year later. You have a lot of different factors that make this case somewhat unique in that regard. And it's not the case that every single time you have a credibility issue, then you have a lesser included offense instruction automatically. I'll also note that the tests for this involves an abusive discretion. The judge is making that determination when they're presented the lesser included offense instruction. Here, our position is that the judge took that testimony without really weighing the credibility of the complaining witness and just took the testimony to mean, well, there's only penetration. So you also have the stopgap of the judge weighing this evidence. Here, for the reason- The judge has to weigh the evidence in many cases as to whether a lesser included offense should be given. Yes, but that is true. And I'm saying that in response to Justice Dougherty's questions specifically as to, well, is this going to affect every case going forward and require the lesser included offense be given? No. But in a case like this one, where there is specific credibility information and you can draw an inference that, well, is this witness embellishing or is she not remembering or did something happen but we can't say the state proved it? That's established by the evidence in this case. It's not going to be in every case. And the judge does have the ability to look at the evidence and make that determination. In this case, in John Gillen's case, the judge abused his discretion, however, by finding that the testimony only meant that a penetration could have occurred at each instance. Part of the evidence that the judge considered in his ruling on the jury instruction was the fact that the defendant was claiming that no touching contact of any sexual nature happened at all. How does that factor in? I believe the law allows that a defendant can still assert that, but that if the evidence still allows for the lesser included jury instruction to be given, then the defense can still request it and the jury can still be instructed accordingly despite a defendant's assertion of innocence. Again, the consideration here for the lesser included offense instruction is that if the jury believes something happened but doesn't believe the state sustained the burden of proof on the greater offense only on the lesser offense, that's why we give these instructions. And that's the case even if the defendant says, well, nothing happens. Like in this case, there's a societal interest in the criminal justice system punishing a criminal defendant for the crime committed, no more, no less. In this instance, for each count, we assert that the test has been satisfied and that the trial court abused its discretion by not giving these instructions despite Mr. Gillen testifying that there was no sexual misconduct with the complaining witness. I'd like to move on to the reasonable doubt issue unless your honors have more questions about the jury instructions. For the reasonable doubt argument, the state failed to prove the allegation in count two of the indictment alleging penis vagina contact on June 26th. I'd like to note the Illinois pattern instruction 3.01, which was given to the jury and which reads in the second sentence, if you find the offense charged was committed, the state is not required to prove that it was committed on the particular date charge. The important thing here is that the jury is instructed to determine if the offense charge was committed first before it's moved on to, well, does the date matter? The date's not an essential element. We do not assert it is an essential element, particularly in this case. The assertion here is that the complaining witness testified about a specific discrete incident. It was the state's theory of its case that there were two specific discrete incidents, the June incident and the July incident. The June incident included allegations of digital and oral contact as well as penis vagina contact and included specific markers such as the complaining witness saying I received a text to go downstairs, I was asked for an oral favor, but at trial the only thing that the complaining witness testified to was the oral and digital contact. She never testified that there was penis vagina contact despite being asked multiple times. This is not a variance case. This would be a different case if the complaining witness had said, well, there was digital and oral and penis vagina contact on June 30th or June 29th. That's not what happened here. What happened is that the state received testimony it didn't expect and that was that there was only this digital and oral contact, not the penis vagina contact. So there's no variance. It's simply a question of the state didn't adduce testimony that this specific discrete incident, per its theory of the case, happened. Counselor, the evidence is in that other less defined group of incidents. When she was asked how many times was there intercourse other than the two that she had described and she had described an incident in July and then one in that longer time frame and she said at least three times. Is that enough to sustain count two? I have two points in response to this, your honor. The first is that the full statement from the complaining witness was at least three times. I don't know, end quote, which could be read to say, well, I don't know if it was three or two or any number. The second point in response is that our assertion is that the idea that there's three times one, including the July incident, the two other are also slotted in under count nine, which is the broad December 31st to June 25th date range indictment. And I think the important thing here to note is how the state charged the offenses here. It said that there's two discrete incidents, June and July, and then six through nine is sort of extraneous. There's no fixed date. If I could offer a comparison, the state elicits testimony that there were at least 10 instances of hand-to-vagina contact, but the state isn't charging 10 additional counts of hand-to-vagina contact because it has this just sort of category of count six to nine that we have our discrete incidents and we have statements from the complaining witness that other things happened. And I think that the complaining witnesses statement that, well, there were at least three incidences, I don't know, those are covered by count nine. Those are covered by, well, we have other evidence. But when the state says we also have something discrete with these fixed markers, with you received a text message, you went to the basement, you were asked for an oral favor, you have one incident, this theory that says in June on whatever day, this happened the way we said it that the state didn't prove that, the state didn't deduce any evidence to prove that, and even despite the complaining witness saying, well, there were maybe three, I don't know. That's not enough to cover the gap that's created by her not saying the penis-vagina contact happened as alleged in count two. And for that reason, we would ask for this court to reverse that count outright. Finally, if this court reaches the sentencing issue, it should find that the alleged conduct constituted a single course of conduct and either remand for a new sentencing hearing or reduce Gillen's sentence to no more than 60 years in prison. Since you have little time, I kind of want to get right to it. You seem to assume that there's either going to be a single course or they're all individual courses. Why can there not be multiple courses, each of which involves multiple offenses? Which is what the trial court looked at it as. I think that's a good question, Your Honor. And I think that basically the reason why it's, and I think it is correct that it's kind of all or none here, is if you look at the way the trial court divided up the categories, it's, as I was saying with the reasonable doubt argument, there's June 26th, there's July 7th, and then there's other, basically. Counts six, seven, and nine. That kind of proves up the point here, which is that there's no fixed date or fixed marker or really anything that says that count six, seven, and nine would be a single course of conduct, other than they don't fit in with the other categories. Yeah, June 26th and July 7th are distinct. And our assertion is that if you're looking at, say, and I think the key here is the count six, seven, and nine, is we don't know if that occurred on the same day. We don't know if that didn't occur on the same day. We don't know if there was, you know, a specific independent motivation for each one. The criminal objective, however, and the reason why we can say, well, six, seven, and nine wouldn't be its own course, is because it's the same broad allegation of sexual misconduct involving the same people. And I don't think that should extend to June 26th or July 7th, just because we have those fixed markers that come in and say, oh, well, this time I remember I received the text message and I went downstairs. If it's its own course, meaning that the December 18th through June 20th, 19th, if that's a separate course, the defendant's sentence was not inappropriate. Either way, whether you call it independent within that grouping or one course, he's still under the max. Since I'm out of time, your honor, I'll just... You can go ahead and answer. I would just say that it's our position that there's not a determination that the criminal objective changed and that the independent motivation test is the controlling factor here. And nothing really shows that there was an independent motivation for any of these counts. And so we would ask that this court either remand or reduce Gillen's sentence. All right. Thank you. Ms. Navarro. Good morning. May it please the court, counsel. On appeal, defendant raised three issues. I will address the issues in the order as the counsel addressed them as well. And the first issue that counsel addressed was the trial court abuse of discretion and refusing to give the lesser included offense for aggravated criminal sexual abuse. The court's position is that the trial court was proper in not giving that instruction. Here, defendant was charged with nine counts of criminal sexual assault, all alleging sexual penetration. And then when you look to the testimony, which is one of the factors to consider in here, when the court looks to see whether it should allow lesser included instruction, it looks to the charging instrument. And the state is not denying that the aggravated criminal sexual abuse could not be given in cases of where the original offense is criminal sexual assault. But we're really looking more at that second factor, which requires that you look at the evidence that was provided during trial. Here, if we look at the evidence and the testimony of the victim herself, all of the acts that she described were penetration. When giving her testimony, she specifically stated that on June 26th, defendant inserted his penis into her mouth. She also stated that defendant inserted his fingers into her vagina. On July 7th, she testified that defendant again inserted his penis into her mouth and his penis into her vagina. Here, when she was describing each act, she described insertion. At no point did she describe just mere touching or fondling, which is what the lesser included offense would require. Because as defense counsel points out, the difference comes down to whether it was an act of sexual penetration or just sexual conduct. Defendant in the brief cites to questions that were asked by the state as a follow-up to the witness actually describing each act. The state does not believe that that is the witness contradicting herself. She was just answering follow-up general questions. The state asked, other than the incident where it related to his hand, did it occur more than one time that you just described to us? Those were follow-up questions. That wasn't the witness actually testifying. Defendant's conduct was just touching or fondling. She specifically described the insertion, which is why the state does not believe that that can be considered evidence of sexual conduct, which would be required in order for that lesser instruction to be given. As we cite to in People v. Weigler, we have a similar case where the defendant was charged with two counts of criminal sexual assault. Defendant like here provides that there was consensual vaginal sex. In here, he was charged with the sexual penetration of his penis being inserted into the vagina of the victim and his penis being inserted into the anus of the victim. There was no testimony that any just mere touching or fondling was present, which is why the court in that case refused to give the lesser included instruction. Similarly, here, there was no testimony by the witness that any fondling, any touching, anything that would corroborate the element of sexual conduct, which is included in the lesser included offense. It's for that reason that we believe that the state, did not err in not providing that lesser included instruction. Turning to the first argument in the brief, which is the sufficiency of the evidence. Here, the defendant was charged with nine counts of criminal sexual assault. Specifically, count two charged defendant in the act of sexual penetration, which involved defendant's penis and the victim's vagina. In addition, in those nine counts, there was two additional counts of sexual penetration involving the penis and the vagina. Essentially, there was three separate instances. Now, while the indictment itself provided three separate dates of the offense, the state is not required to prove the dates. Looking at it from that perspective, all the state needed to do was establish that on three occasions, the defendant sexually committed the act of sexual penetration by placing his penis inside of the victim's vagina. The state alleged that these happened on June 26th. I agree, it doesn't matter if it was June 28th, June 21st, but it also alleged that they all happened on the same day. The evidence didn't support that. Isn't there a consequence to that? Although the evidence did not support that the sexual penetration of the penis to vagina occurred on June 26th, it still did... Forget June 26th, the same day as the other two charges. The other two charges of sexual penetration from penis to vagina were on different dates. One charged that it occurred on June 26th. No, I don't think so. I think we want to look at June 26th, there was three counts, three sexual assaults on the same day. Whether it was June 26th or 25th or 27th, I agree that's not important, but they charged that these three things happened on the same day, and then they only proved two of them. On June 26th, the indictment charged a count of penis to mouth, penis to vagina, and then hand to vagina. The witness testimony was that on June 26th, defendant asked for an oral favor, placed his penis inside of her mouth, and then also placed his finger in the vagina. The only thing that the witness did not recall was whether defendant's penis went into her vagina on that specific June 26th date. However, on July 7th, which would support another one of the counts of penis to vagina, she did state that there was intercourse and it was... Right, but that's not the counted issue. The counted issue is count two from June 26th. Yes. They're charged as having happened on the same day as three different things together, and the state only proved two of them. So yes, the state did only prove that two occurred on that specific date, but then when asked again later, the witness testified that the intercourse, which she described as penis inside of vagina, also occurred three additional times. So although the witness was able to recall the specific date that it occurred, she was able to recall that it occurred three additional times to that July 7th, which in essence means that the witness testified that the sexual intercourse of penis to vagina occurred four different times. She did not say that all four times occurred on the same day, which means that those are four instances, which allows the state and the jury to corroborate each instance with each count that defendant was charged here. Defendant was only charged with three counts, whereas the witness testified that this occurred four times. That allows each count to have evidence support that it did happen, even if the date was not correct. Absolutely, if that's the case, isn't it possible that that catch-all count, the vaginal penetration, is being charged in count two and that count as well? I mean, I guess to explain it better, the incident that the jury found occurred, even though it's not that date, is being double counted, basically. That would be the case had there been one instance that is then being attributed to two different counts. Here, that's not the case. Here, it was that testimony of those three instances that she doesn't recall the date are three completely separate instances, so it's not the case of where one conduct is being charged in two separate counts. How do we know they're separate? Because now we don't know when the first one occurred. I don't think it's essential for the state to prove when it occurred. It's just a matter of proving that it did occur, and that's exactly what happened here. Because we have more actions than counts, you can clearly see that there was an action to be attributed to each count, even if the dates don't match up, which as has been established, the dates don't need to be proven, and it doesn't need to be proven that each act occurred on a specific date in order for the state to prove each count of criminal sexual assault. Because we have that instance where there's more actions than the counts, you can clearly see that they were each individually attributed, and there was not one count that was double charged because each of them were individual and separate. It seems like a lot is resting on that very general statement. I'm trying to picture a case that would rest only on that. Would we say that's sufficient? Yes, we had intercourse three times. One of the things that is important to note is that because this is on appeal, we are looking at it after the fact, and the jury was actually the one that listened to the evidence. They were the ones that were able to weigh the evidence, and they attributed the weight that they decided to on that general statement. In appeal, we're looking at it in the light most favorable to the prosecution because we're not here to re-weigh the evidence. Since the evidence was presented, it was a jury that got to decide, is that sufficient? The jury decided that it was. It can be seen why, because there were multiple actions, and each action went to a different count. Right, but the state pleaded it as though it was all these things on one occasion. The state didn't prove count two happened on that occasion, and it seems like the justification is, well, the jury may have just inferred he probably did it on another time, which is really not what he was charged with. While that could be something that the jury could infer that he just did it on another time, we're also looking at a small trial that maybe at that point just could not remember if it did happen at that time, but the jury can also make that determination that the three instances that one of those could have been on there. That's something that the jury was able to weigh themselves at the time of trial, listening to all the evidence that was presented in front of them, and being able to look at the witness as she was given this testimony. So, I do see what you mean by stating that it's a general statement, but that was something that the jury was able to weigh, and the state does not believe that in this position we can go back and re-weigh that evidence differently, whereas we should give the proper weight that the jury gave it at that time. So, that's why the state believes that count two was proven, there was sufficient evidence, and the jury probably found defendant guilty of count two. If there's no other questions, I would like to address the third issue, the sentencing. Okay, as to the third issue, defendant argues that the trial court or the defendant's sentence violated the consecutive sentencing statute, and in that, defendant is either determining that each individual count was an individual course of conduct, or that it was all a singular course of conduct. Here, the state is holding that the eight counts for which defendant was found guilty of can be separated into three separate courses of conduct. As the trial court did in this case. Correct, yes, the state believes that the trial court properly attributed it as such. And the standard of review here is whether that's supported by the manifest weight of the evidence. Correct, so here if we look, the first three counts were, occurred on June 26th, the count four and five occurred on July 7th, whereas the count six, seven, eight, and nine, or I'm sorry, six, seven, and nine were given a range from December 31st to June 25th. So here there's three completely separate courses of conduct, although each state, and for six, seven, and nine, that range, there's multiple offenses within that, it's still three separate courses of conduct. And because they're all considered separate, there was no violation of defendant's sentence. The Supreme Court and People v. Bull specifically addressed an instance like this, where a defendant pled guilty to three counts of criminal sexual assault. Each count had different dates. And the court said that by just looking at the dates and the fact that they did not occur at the same time, that was sufficient to hold that there was three separate courses of conduct. So the state believes that here, because there was that three separate courses of conduct, and each course of conduct had either its individual date or range that did not coincide with each other, that is enough to show that there was the three courses of conduct. And as such, defendant's sentence did not violate the sentencing statute. So if the court doesn't have any other questions, the state would hold that this court should affirm defendant's convictions and sentence. All right, thank you. Back to you, Mr. Santella. Thank you, Your Honors. I'd like to respond to a few points, starting with the jury instruction argument from the state. Specifically, the state has said that the testimony from the complainant-witness specifically described penetration. As I said on the opening part of my argument here today and in the brief, this is conflicting testimony between what she said to describe the incidents initially and then in response to her questions from the state later. The state has said or said in response today that these were just follow-up questions and that the answers to these questions from the complainant-witness didn't establish conduct, which is plainly incorrect. These were the questions that the state asked to establish the proof of counts six through nine. The way that the questioning proceeded in the direct testimony of the complainant-witness was to ask about June 26th, then ask about July 7th, and then to ask what the state calls follow-up questions to establish the proof for the remaining charges. It's not the case that these are simply just follow-up questions that don't establish conduct. The state used that same testimony to establish the conduct as proof for the other offenses. That's what makes this conflicting testimony because you're now having the state coming in and saying touching, saying to, saying in. These are words that are small but carry a lot of weight and can establish conflicting testimony sufficient, and in this case did establish conflicting testimony sufficient to give the lesser-included offense instructions. I also think it's important to note that the state said today that there is no testimony, direct testimony, from the complainant-witness about touching, period, or fondling. I think that's incorrect. I think the state specifically discussed penis-anus contact. There was testimony from the complainant-witness that in the time period before the charges alleged the defendant's fully penetrated her anus, and then there was another time when that didn't happen because it was too painful. So there was testimony that that could be considered touching between the penis and an anus, and I think the jury is in the best position. Was she referring to something that happened in McLean County or the earlier incident? I don't believe it was McLean County. I know that they moved to between three different towns, and this testimony was specific to, well, before Bloomington, there was penis-anus contact beforehand. So not a charged offense, so that doesn't really matter. Just to establish that she said that there was another time when he didn't go in all the way, I think that's kind of the direct quote. That's just to say that there is testimony here that says, well, this doesn't necessarily establish penetration, and the jury was in the best to determine that. Just to move on to the reasonable doubt argument and respond there, the state is saying, well, this three-time statement from the complaining witness is sufficient to sustain count two, but I don't believe that's the case, even in the light most favorable to the state. I think this isn't a question of reweighing the evidence. The evidence on the incident where there is digital and oral and penis-vagina contact only related to the digital and oral. That was the only thing that the complaining witness testified to for that incident specifically. I think the state could have established that evidence through other means like playing the CAC video at trial, but they didn't do that. Instead, they relied on, we're going to have the complaining witness testify to this, and she testified in a way they didn't expect. Since this isn't a variance, the result is simply the state didn't sustain its burden of proof, and that count should be reversed. Finally, on the sentencing, the state is relying on the Bull case, the Illinois Supreme Court case Bull. Our reading of the Bull case is that it does not really address course of conduct or independent motivation. It says, well, these days are different, and we acknowledge that's what Bull says. It doesn't address course of conduct. It doesn't address independent motivation, and our position is that there is nothing showing that the criminal objective, I think I said course of conduct. I meant Bull doesn't address criminal objective. It doesn't address independent motivation, and our position is that nothing shows for the sentencing issue that the criminal objective changed. If that's the case for six, seven, and nine, that should extend to counts one through five, and that's something other states have done. That's why we cited the New York statute that says this is a single course of conduct. That's the way to do this, and we would ask that this court- It's an Illinois statute though, right? I understand that, but our position is that that statute still requires looking at whether the course of conduct, or whether, excuse me, whether there's an independent motivation or criminal objective changes, and here it's not shown that the criminal objective changed when it's same allegations of sexual misconduct between the same two people. Therefore, we would ask this court grant the relief that we requested in the briefs. All right. Thank you. Thank you to both counsel. We will stand in recess and issue a decision in due course.